UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLINT LEWIS NEWSOME                                                                                  PLAINTIFF

v.                                                                                  CIVIL ACTION NO. 3:14-cv-61-FKB

SHERIFF TYRONE LEWIS                                                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant's Motion for Summary Judgment [32].[1] Having considered the record, the Court concludes that Defendant's motion is well-taken and is hereby granted.[2]

BACKGROUND

Plaintiff filed this Section 1983 lawsuit challenging the conditions of his confinement at the Hinds County Detention Center in Raymond, Mississippi (HCDC). [1]. The Court held an omnibus hearing[3] in this matter on June 19, 2014, at which Plaintiff and counsel for Defendant appeared. During the omnibus hearing, Plaintiff described his claim in more detail. [32-3].

Plaintiff alleges that he was subjected to unconstitutional conditions of confinement at the HCDC. Plaintiff asserts that he was housed in the "holding tank" from August 29, 2013, until September 14, 2013. [1] at 5. According to Plaintiff's complaint, there were 15 to 20 people in the holding tank, some of whom were sick and dirty. Plaintiff claims there was a hole in the

---

[1] The parties consented to the undersigned conducting all proceedings in this matter. [28].

[2] Plaintiff has filed a Motion for Leave to File an Amended Complaint [39] to add additional Defendants. In light of the Court's conclusion that Plaintiff failed to exhaust administrative remedies, the motion is denied.

[3] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

floor in which to urinate. While he was in the holding tank, Plaintiff claims that he was not allowed to shower, was not provided personal hygiene products, and was not provided a change of clothing. *Id.* Plaintiff further contends that he was moved to a cell in which there was mold, exposed wiring and gnats in the shower. *Id.* After two and one-half weeks, Plaintiff was then moved to a different cell, but one which still had mold in the shower and exposed wiring. *Id.* at 6. At the omnibus hearing, Plaintiff testified that there were no lights in his cell and that his cell flooded. [32-3] at 7, 13-14.

## EXHAUSTION

By his motion, Defendant contends, *inter alia*, that Plaintiff's claims must be dismissed for failure to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008)(stating that Fifth Circuit takes "a strict approach" to PLRA's exhaustion requirement). In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 741. The United States Supreme Court has reiterated this position, holding that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010).

The Court denied Defendant's earlier motion to dismiss for failure to exhaust (filed

before the omnibus hearing) because Plaintiff testified at the omnibus hearing that he submitted a written grievance in accordance with the applicable procedure.[4] [31]. The affidavit upon which Defendant previously relied did not indicate whether Plaintiff had in fact filed any grievances. [23-1]. Defendant previously submitted, and has re-submitted in support of his current motion, a copy of HCDC Policy Number 4.03, Prisoner Grievance Procedures [32-4], as well as a copy of the Inmate Handbook, which addresses grievances.[5] [32-4] at 7. In support of the instant motion, Defendant has additionally submitted the Affidavit of Erica Moore. Ms. Moore states:

> I have reviewed the grievance records maintained by the Hinds County Sheriff's Department. There are no written grievances made by, or filed on behalf of, Clint Newsome for the time period from August 1, 2013 through January 27, 2014. Furthermore, there is no record that Clint Newsome complied with and exhausted the Hinds County's grievance procedure with respect to any complaint during this time period.

[32-7]. In response to Defendant's Motion for Summary Judgment, Plaintiff argues, consistent with his omnibus hearing testimony, that he filed a grievance. [34] at 4. However, Plaintiff has not produced a copy of any grievance he claims to have filed. In light of the policy requiring a written grievance [32-5], Moore's affidavit, and Plaintiff's complaint indicating that he only complained verbally [1] at 3, Plaintiff may not now rely merely on his unsupported assertion that he completed the grievance process. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325

---

[4] Plaintiff's testimony at the hearing was inconsistent with his complaint, which indicates that he only made a verbal complaint.

[5] Defendant also submitted the Affidavit of Sheila McMillian in which she describes the grievance collection process. [32-6].

F.3d 572, 577 (5th Cir. 2003)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, (1968)).

Accordingly, the Court finds that Plaintiff has not exhausted the available administrative remedies with respect to any of his claims.  The Complaint is therefore dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing, Defendant's motion is granted.  The complaint in the above-styled action is dismissed without prejudice.  A separate judgment will be entered.

SO ORDERED, this the 20th day of November, 2014.


      /s/ F. Keith Ball
    UNITED STATES MAGISTRATE JUDGE